UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stacy McGuire, et al., | No. 2:23-cv-02958-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| County of Stanislaus, et al., | |
| Defendants. | |

Plaintiffs Stacy McGuire and Benjamin McGuire, Sr., acting both individually and as successors in interest to their decedent son, have brought this civil rights action against defendants Stanislaus County, Stanislaus County Sheriff Jeff Dirkse, Merced County and Merced County Sheriff Vernon Warnke. Stanislaus County and Dirkse move to quash the service of summons or to dismiss the complaint under Federal Rule of Civil Procedure 4 and 12(b)(5). Mot., ECF No. 14-1. The motion is fully briefed. Opp'n, ECF No. 34; Reply, ECF No. 36. The court submitted the matter without oral arguments. Min. Order, ECF No. 41. For the reasons below, the court **grants the motion to quash and dismiss in part.**

**I.     DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss for "insufficient service of process" under Rule 4. When service is challenged, plaintiff has the burden of establishing its validity. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the

1

1   court finds service was insufficient under Rule 4, it has "discretion to dismiss an action or to
2   quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

3         Plaintiffs have not properly effected service. First, plaintiffs did not serve Stanislaus
4   County or Dirkse within the 90 days prescribed by Federal Rule of Civil Procedure 4(m). *See*
5   Compl., ECF No. 1 (filed December 18, 2023); Proofs of Service, ECF Nos. 10, 11 (served
6   April 3, 2024).

7         Second, plaintiffs did not properly serve Dirkse. They did not personally serve him. *See*
8   Fed. R. Civ. P. 4(e)(2)(A) (individual may be personally served); Cal. Civ. Proc. Code § 415.10
9   (same). Rather, plaintiffs served the summons and complaint on a clerk in the Records Division
10  of the Stanislaus County Sheriff's Department. *See* Return of Services; Helton Decl. ¶¶ 8–10,
11  ECF No. 32 (process server); Walker Decl. ¶ 8, ECF No. 33. Plaintiffs cannot rely solely on the
12  record clerk's statement "she was authorized to accept service." Opp'n at 6; Helton Decl. ¶¶ 8–9.
13  "[A]n agent's assertion that they are authorized to accept service, without more, is insufficient to
14  establish actual or ostensible authority to accept service on behalf of a principal." *White v. San*
15  *Bernardino Cnty. Superintendent of Sch.*, No. 19-2177, 2020 WL 2303100, at *3 (C.D. Cal.
16  Jan. 21, 2020) (collecting authority). Plaintiffs have not shown the records clerk was authorized
17  by appointment or law to accept service on Dirkse's behalf. *See* Fed. R. Civ. P. 4(e)(2)(C)
18  (service by delivery to authorized agent permissible).

19        Third, plaintiffs did not properly serve the County. The records clerk was neither the
20  chief executive officer, *see* Fed. R. Civ. P. 4(j)(2)(A), nor one of the people listed in the
21  applicable California law, *see* Cal. Civ. Proc. Code § 416.50(a).

22        Finally, plaintiffs did not effect substituted service under the California rules of procedure.
23  No evidence shows plaintiffs mailed a copy of the summons and complaint to either Dirkse or the
24  County, as required by state law. *See* Cal. Civ. Proc. Code § 415.20(a), (b); *see, e.g.*, *Flowers v.*
25  *Crawford*, No. D078670, 2022 WL 14725216, at *3 (Cal. Ct. App. Oct. 26, 2022) (unpublished)[1]
26  ("Without the mailing, service of the summons is not deemed complete.").

---

[1] Although the California Rules of Court would prohibit the citation of this unpublished decision in a state court, those rules do not apply in federal courts, which may review and

Because plaintiffs did not properly serve defendants, the court **grants the motion to quash**. However, the court exercises its discretion not to dismiss the case. *See Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) (recognizing this discretion). "[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained," as in this case. *Azzawi v. Brown*, No. 15-01468, 2015 WL 6460363, at *2 (E.D. Cal. Oct. 26, 2015) (collecting authority); *see also, e.g.*, *Crayton v. Rochester Med. Corp.*, No. 07-01318, 2008 WL 3367604, at *5 (E.D. Cal. Aug. 8, 2008) (quashing service but denying motion to dismiss).

As noted, the deadline for plaintiffs to complete service has passed. The court must extend that deadline if plaintiffs show good cause. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing Fed. R. Civ. P. 4(m)). Even without good cause, the court may also extend the deadline "upon a showing of excusable neglect." *Id.* In addition, courts may require a plaintiff to show "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citation omitted); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service'").

Here, defendants have received actual notice of the complaint, as demonstrated by their retention of counsel and filing of the pending motion. *Cf. United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."). Defendants have not shown prejudice; nor do they argue they will suffer any prejudice. *See, e.g.*, *id.* (finding "district court was correct in holding that dismissal for insufficiency of process was not justified" when defendant "failed to present any evidence suggesting that it was prejudiced in the least by the minor defect in the summons"). Plaintiffs have demonstrated prejudice, as the statute of

---

consider unpublished appellate decisions for their persuasive (but not precedential) value. *See Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 943 n.4 (9th Cir. 1997).

limitations has run. See Opp'n at 6–7; see, e.g., *Lemoge*, 587 F.3d at 1198 ("Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action."). Plaintiffs also have shown excusable neglect. They relied on the County Counsel and County Sheriff's Department's representation that the "Records Division" would accept service, Walker Decl. ¶¶ 5–9, and as summarized above, a records clerk told the process server she was authorized to accept service for both defendants, Helton Decl. ¶¶ 5–9.

Accordingly, the court denies defendants' motion to the extent they request dismissal. The court grants plaintiffs thirty days to complete service on Dirkse and Stanislaus County.

## II.   CONCLUSION

The motion to quash service of summons is **granted**, but the motion to dismiss for ineffective service of process is **denied**. Plaintiffs shall have **thirty days** from the filed date of this order to effect proper service on Dirkse and Stanislaus County.

This order resolves ECF No. 14.

IT IS SO ORDERED.

DATED: July 11, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE