UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stacy McGuire, et al., | No. 2:23-cv-02958-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| County of Stanislaus, et al., | |
| Defendants. | |

Plaintiffs Stacy McGuire and Benjamin McGuire Sr., individually, and as successors in interest to their decedent son, have brought this civil rights action against defendants Stanislaus County, Sheriff Jeff Dirkse, Merced County and Sheriff Vernon Warnke. Defendants Merced County and Sheriff Vernon Warnke now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is **granted.**

I.    BACKGROUND

On November 5, 2022, Damon Banks shot and killed the decedent and then killed himself. Compl. ¶ 1, ECF No.1. Plaintiffs allege the Stanislaus and Merced County Sheriff's Department knew how dangerous Banks was and had received several reports and calls regarding his violence and threats of violence against plaintiffs and the decedent. *See id.* ¶¶ 2–3, 23–24, 26–27, 30–32. Despite a court's restraining orders against Banks, defendants "failed to serve and enforce" the

restraining orders. *Id.* ¶¶ 3, 31, 37. Plaintiffs presented written claims for damages to Merced County and Stanislaus County, and both counties issued notices rejecting the claims. *Id.* ¶ 34.

Plaintiffs now bring the following six claims against Merced County and Warnke:

1. Violation of the decedent's rights under 42 U.S.C. § 1983;

2. Violation of plaintiffs' rights under 42 U.S.C. § 1983;

3. Municipal liability under 42 U.S.C. § 1983;

5. Failure to serve restraining order;

6. Failure to enforce restraining order; and

7. Breach of special relationship duty.

*See id.* ¶¶ 35–47, 58–80.

Defendants Merced County and Sheriff Vernon Warnke move to dismiss the claims against them. *See* Mot., ECF No. 16-1. The motion is fully briefed. Opp'n, ECF No. 38; Reply, ECF No. 39. The court submitted the matter without oral arguments. Min. Order, ECF No. 41. For the reasons below, the court **grants the motion, but with leave to amend if possible.**

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In response, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted). The court construes all factual allegations "in the light most favorable to the nonmoving party." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8. *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

### A. Failure to Serve and Enforce Restraining Orders

"The Fourteenth Amendment's mandate that no State shall deprive any person of life, liberty, or property, without due process of law confers both procedural and substantive rights." *Polanco v. Diaz*, 76 F.4th 918, 925–26 (9th Cir. 2023) (citations, alterations and marks omitted). "The substantive component of that clause protects individual liberty against certain government

2

actions regardless of the fairness of the procedures used to implement them." *Id.* (citation and marks omitted). On the other hand, the procedural component "is a safeguard of the security of interests that a person has already acquired in specific benefits." *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972). "The procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit': 'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it.'" *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Roth*, 408 U.S. at 576). A person "must, instead, have a legitimate claim of entitlement to it." *Id.* Legitimate claims of entitlement are not created by the Constitution but are rather created by "existing rules or understandings that stem from an independent source such as state law." *Id.* (citations omitted).

Plaintiffs allege defendants violated their constitutional rights and the constitutional rights of the decedent. Although plaintiffs refer to the Fourteenth Amendment in the complaint, they do not specify whether they are alleging a substantive or procedural due process violation. *See generally* Compl. ¶¶ 35–41. Defendants have construed the complaint as alleging defendants have violated the decedent's and plaintiffs' procedural due process rights by failing to serve and enforce restraining orders. Mot. at 3.[1] Plaintiffs' opposition does not argue they raise a different or related claim under the Fourteenth Amendment. *See* Opp'n at 2–4 (arguing failure to serve or enforce a restraining order does trigger a due process violation). The court considers only the arguments the parties have raised and addressed. *Cf. Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."); *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) ("[The court] will not do [a party's] work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support.").

Defendants argue plaintiffs' § 1983 claims must be dismissed because plaintiffs do not have a property interest in the restraining orders against Banks. Mot. at 4. Plaintiffs concede

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1  "[d]efendants may be right that a failure to enforce may not trigger a due process violation[.]"
2  Opp'n at 3. However, they argue "failure to serve a restraining order does trigger a due process
3  violation[.]" *Id.* Plaintiffs do not cite to or identify any independent source of law supporting a
4  colorable claim of entitlement to the service of restraining orders. Nor do they cite to any
5  authority supporting their argument more generally. Plaintiffs have not shown they have a
6  property interest in the service or enforcement of restraining orders. *Cf., e.g., Gonzales*,
7  545 U.S. at 756 (no entitlement to enforcement of a restraining order under applicable Colorado
8  state law); *Malott v. Placer Cnty.*, No. 14-1040, 2014 WL 6469125, at *12 (E.D. Cal.
9  Nov. 17, 2014) (no property right in the service of a subpoena under applicable California law).
10 Because plaintiffs have not supported their right to bring procedural due process violation claims
11 for the alleged failure to serve or enforce restraining orders, plaintiffs' § 1983 claims must be
12 dismissed. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff
13 must allege the violation of a right secured by the Constitution and laws of the United States[.]").
14 Accordingly, claims one, two and three are dismissed as to Merced County and Warnke.
15     "A district court abuses its discretion by denying leave to amend unless amendment would
16 be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated
17 opportunities." *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).
18 At this time, the court cannot find amendment would be futile. Plaintiffs may be able to amend
19 the complaint to allege they do in fact have a legitimate entitlement to the enforcement and
20 service of restraining orders. They may be able to add allegations supporting their argument
21 regarding access to the court, which they do not mention in their complaint but raise for the first
22 time in opposition to defendants' motion. *See* Opp'n at 3–4. They may also be able to clarify and
23 add allegations supporting a violation of their substantive due process rights. *See, e.g., Patel v.*
24 *Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (listing two circumstances when "a state's
25 omission or failure to protect may give rise to a § 1983 claim"). For example, plaintiffs' second
26 claim appears to allege a deprivation of their liberty interest in the companionship of their child.
27 *See* Compl. ¶¶ 40–41; *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075

(9th Cir. 2013). Accordingly, although claims one, two and three are dismissed as to Merced County and Warnke, the court grants leave to amend.

### B. State Law Claims

Plaintiffs' remaining claims arise under state law. Compl. ¶¶ 58–80. A district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3)). The court declines to exercise supplemental jurisdiction over the state law claims at this time. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Therefore, the court declines to address the sufficiency of plaintiffs' remaining state-law claims at this time, and **dismisses them without prejudice to inclusion in an amended complaint.**

## IV. CONCLUSION

Defendants Merced County and Sheriff Vernon Warnke's motion to dismiss is **granted**. Plaintiffs' claims against these defendants are dismissed with leave to amend. Any amended complaint shall be filed within twenty-one (21) days from the filing date of this order.

This order resolves ECF No. 16.

IT IS SO ORDERED.

DATED: July 11, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE