UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY MCGUIRE, et al., | No. 2:23-cv-02958-DC-AC |
| Plaintiffs, | |
| v. | ORDER SETTING FURTHER BRIEFING SCHEDULE AND DENYING MOTION TO STRIKE UNTIMELY OPPOSITIONS |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | (Doc. No. 70) |

This matter came before the court on January 10, 2025 for a status conference to address Plaintiffs' repeated failures to comply with court orders and the Local Rules, and for a hearing on Defendant County of Stanislaus's motion to strike Plaintiffs' untimely opposition to its pending motion to dismiss (Doc. No. 70).

As the court expressed at the January 10, 2025 conference, the court has grown increasingly concerned about Plaintiffs' counsel's failure to comply with the court's orders and Local Rules, as demonstrated throughout this case and summarized herein.

Prior to this case being reassigned to the undersigned, the assigned magistrate judge issued an order to Plaintiffs to show cause why certain forms were not timely filed as required. (Doc. No. 4.) Plaintiffs filed an untimely response to that order, which did not address their failure to file the required forms. (Doc. No. 5.) This is not the only instance of Plaintiffs' failure to timely comply with a court order prior to reassignment.

1

Upon the parties' reaching a stipulation to provide for further amendment to the pleadings, the court issued an order on September 4, 2024, directing Plaintiffs to file a second amended complaint by no later than September 30, 2024. (Doc. No. 53.) Plaintiffs did not comply with that order.

Following reassignment of this case to the undersigned, on October 23, 2024, this court's courtroom deputy sent a courtesy email to counsel, noting that the filing deadline had passed and no second amended complaint had been filed. The email went unanswered, and no second amended complaint was filed at that time.

Consequently, on November 1, 2024, the court issued an order to Plaintiffs to show cause why this action should not be dismissed due to Plaintiffs' failure to prosecute and failure to obey a court order. (Doc. No. 55.) On November 8, 2024, Plaintiffs filed a second amended complaint and timely filed their responses to the order to show cause in the form of declarations from their respective counsel. (Doc. Nos. 56–58.) For Plaintiff Stacy McGuire, Attorney Warda explained in his declaration that he was unavailable due to a medical emergency, and several matters were delayed as a result.[1] (Doc. No. 57 at ¶¶ 4–5.) For Plaintiff Benjamin McGuire, Sr., Attorney Mark A. Thiel explained in his declaration that he had been working together with Attorney Warda and they "were close to completing the amendment to be filed timely," but Attorney Thiel became distracted toward the end of September with a high number of day-long depositions and he did not realize that his messages to Attorney Warda were not returned, and he "lost track of time." (Doc. No. 58 at ¶¶ 3–5.) Attorney Thiel further explains that he "later" learned Attorney Warda was involved in an accident and unavailable, and Attorney Thiel did not timely file a second amended complaint because he believed it was important to receive Attorney Warda's authorization before doing so. (*Id.* at ¶¶ 5–6.)

On November 12, 2024, the court issued an order discharging the November 1, 2024 order

---

[1] Attorney Warda also states in his declaration that "[c]oncurrent with this declaration Plaintiffs are filing the Second Amended Complaint together with the [California Civil Procedure Code §] 377.11 declaration for successor in interest." (Doc. No. 57 at ¶ 7.) While Plaintiffs concurrently filed a second amended complaint, there were no successor-in-interest declarations filed on that date by either Plaintiff.

2

to show cause and directing the parties to file a joint status report regarding scheduling by no later than December 6, 2024. (Doc. No. 59.) Despite that order, Defendants filed a status report of their own, noting that "Defendants submitted a draft of this report to counsel for Plaintiffs, but they failed to respond or contribute." (Doc. No. 62 at 1, n.1.)

In addition, Plaintiffs failed to timely respond to Defendant County of Stanislaus's motion to dismiss, which was filed on November 22, 2024. (Doc. No. 60.) Specifically, pursuant to Local Rule 230(c), Plaintiffs were required to file either an opposition or a statement of non-opposition by no later than December 6, 2024, and they did not do so.

In light of Plaintiffs' repeated failures to comply with court orders and the Local Rules, the court issued an order on December 11, 2024 to set this case for a status conference on January 10, 2025. (Doc. No. 63.) Notably, that order summarized Plaintiffs' failures to participate in the preparation of a joint status report and to file a response to Defendant County of Stanislaus's motion to dismiss. (*Id.*) Nonetheless, a few hours later on December 11, 2024, Plaintiffs filed a status report to express their agreement with the Defendants' position regarding scheduling—but Plaintiffs' report was silent about their failure to file a response to the pending motion to dismiss. (Doc. No. 64.) Rather, in that report, Plaintiffs' counsel offers more inadequate excuses for their failure to comply with the court's order. Specifically, Attorney Thiel did not coordinate with defense counsel for a joint status report because he was at a continuing education conference and relied on Attorney Warda, who for his part was involved in a lengthy trial and did not see an email from defense counsel until he returned to his office on December 10, 2024. (Doc. No. 64 at 2.)

Moreover, even after being reminded of their obligation under Local Rule 230(c), Plaintiffs subsequently failed to timely file a response to the motion to dismiss filed on December 3, 2024 by Defendants Merced County and Vernon Warnke (Doc. No. 61), for which a response was due by December 17, 2024.

On January 3, 2025—nearly a month after the court's December 11, 2024 order and just a week before the January 10, 2024 status conference—Attorney Warda filed several documents purportedly on behalf of both Plaintiffs, despite being counsel of record only for Plaintiff Stacy

3

McGuire. Specifically, Plaintiffs filed successor-in-interest affidavits, oppositions to the pending motions to dismiss, and a declaration of Attorney Warda in support of those oppositions. (Doc. Nos. 65–69.) But Plaintiffs do not even acknowledge that their oppositions are untimely, let alone provide an explanation for their late filings and request that the court nonetheless consider their opposition briefs.

On January 6, 2025, Defendant County of Stanislaus filed a motion to strike Plaintiffs' untimely opposition to its motion to dismiss. (Doc. No. 70.) The next day, Attorney Warda filed a declaration in which he explains that he "submitted the two oppositions on January 3, 2025, under the incorrect assumption that the old [Local] Rule 230(c) requiring filing of the opposition 14 days prior to the hearing date was controlling." (Doc. No. 71 at ¶ 8.) At the status conference on January 10, 2025, Attorney Warda elaborated on his explanation and asserted that this is his first motion to dismiss in federal district court. Attorney Warda's explanation rings hollow for several reasons. First, although the motions to dismiss were initially noticed for a hearing on January 17, 2025, the court vacated that hearing in its December 11, 2024 order, so that hearing date would not control the opposition filing deadline even under Attorney Warda's view. (Doc. No. 63.) Second, lacking experience in federal district court does not justify relying on Local Rules that have not been in effect for several years.[2] Third, and most importantly, Attorney Warda's explanation that he relied on old Local Rules does not address the fact that the court's December 11, 2024 order explicitly stated Plaintiffs' filing deadline of December 6, 2024 had passed. Thus, Attorney Warda's explanation suggests he ignored the court's December 11, 2024 order.

Also concerning to the court is Attorney Thiel's failure to file a declaration or response of his own to explain why his client, Plaintiff Benjamin McGuire, Sr., did not timely file an opposition to the motions to dismiss. Attorney Warda's explanation for Plaintiff Stacy McGuire's late filing does not suffice for this purpose, as Attorney Warda does not represent Plaintiff Benjamin McGuire, Sr.

---

[2] The court pauses to note for Attorney Warda's benefit that the court periodically revises its Local Rules. Indeed, the Local Rules were recently updated, with the latest version going into effect on January 1, 2025. It is the obligation of counsel to stay up-to-date on revisions to the Local Rules, which are posted on the court's website.

As the court expressed at the January 10, 2025 status conference, the court remains concerned about Plaintiffs' repeated failures to comply with court orders and the Local Rules, which have led to a significant waste of the court's time and unnecessary expenditures of the court's limited judicial resources. The court expects counsel to carefully review all court orders and ensure timely compliance with all directives therein.

Nevertheless, the court has an interest in reaching the merits of the cases before it whenever possible, and when considering motions, the court's task is aided by receiving legal briefs from counsel. For this reason, the court will consider Plaintiffs' late-filed oppositions and will provide a deadline for Defendants to file reply briefs in support of their respective motions to dismiss. Consequently, the court will also deny Defendant County of Stanislaus's motion to strike Plaintiffs' untimely opposition briefs.

Accordingly:

1. Defendant County of Stanislaus's motion to strike Plaintiffs' untimely opposition (Doc. No. 70) is denied;
2. The court will consider Plaintiffs' opposition briefs (Doc. Nos. 67, 68);
3. Defendants may file a reply in support of their pending motions to dismiss (Doc. Nos. 60, 61) within fourteen (14) days from the date of entry of this order; and
4. After resolution of the pending motions to dismiss, the court will issue a scheduling order, as appropriate.

IT IS SO ORDERED.

Dated:   **January 16, 2025**

Dena Coggins
United States District Judge